UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \* | CR 02-30118 |
| Plaintiff, | \* | |
| -vs- | \* | OPINION AND ORDER |
| JESSE J. BLACK BONNET, SR., | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to voluntary manslaughter and was sentenced on June 26, 2006, to 64 months custody. Defendant filed a motion to correct the judgment or, in the alternative, a motion for clarification.

At the time I sentenced defendant, I recommended that he receive credit for time served. Defendant contends that he served 642 days in federal custody and the Bureau of Prisons has refused to credit his sentence for those days. Instead, those days were apparently credited towards the state court sentence he was serving pending the resolution of his federal charges. Defendant requests that I amend his judgment pursuant to Fed. R. Crim. P. 36 to correct an error in the judgment -- the error of assuming that he would serve 64 months, less time served. He suggests that I correct the error by providing that his sentence is to run concurrently with his state court sentence. Alternatively, defendant requests that I issue a written order directed to the Bureau of Prisons which clarifies the Court's intention that he was to receive credit towards his 64 month sentence for time served.

Rule 36 authorizes the district court to correct a clerical mistake in the judgment. This rule does not authorize the amendment of the judgment sought by defendant. Defendant's state court sentence expired prior to the imposition of sentence in this matter. Therefore, there is no authority to amend his judgment to provide that his sentence runs concurrently to another sentence.

Credit for time served is calculated under 18 U.S.C. § 3585 and is to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence. United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992), *citing* United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). The Attorney General has delegated the task of calculating credit for time served to the Bureau of Prisons. United States v. Moore, 978 F.2d at 1031; 28 C.F.R. § 0.96.

Federal prisoners can challenge the denial of jail-time credit by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which they are confined. Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995), Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993), Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991), United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

Federal prisoners challenging actions of prison officials must exhaust administrative remedies before seeking habeas corpus relief. Kendrick v. Carlson, 995 F.2d at 1447. "If [federal prison] administrative grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court." Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974).

Defendant is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He may challenge the denial of jail-time credit only by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Mississippi after he has exhausted his administrative remedies.

Based upon the foregoing,

IT IS ORDERED that the motion to correct judgment, Doc. 120, is denied.

Dated this 17th day of March, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J Gapp
DEPUTY
(SEAL)

2