UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|                              |   |                    |
|------------------------------|---|--------------------|
| UNITED STATES OF AMERICA     | * | CR 02-30118        |
|                              | * |                    |
| Plaintiff,                   | * |                    |
|                              | * |                    |
| -vs-                         | * | OPINION AND ORDER  |
|                              | * |                    |
| JESSE J. BLACK BONNET, SR.,  | * |                    |
|                              | * |                    |
| Defendant.                   | * |                    |
|                              | * |                    |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to voluntary manslaughter and was sentenced on June 26, 2006, to 64 months custody. On March 9, 2009, defendant filed a motion to correct the judgment or, in the alternative, a motion for clarification, concerning credit against his federal sentence for time served. That motion was denied on March 19, 2009. On April 30, 2009, defendant filed a motion for reconsideration. Prior to filing the above motions, defendant had sent correspondence to the Court seeking relief concerning the computation of his credit for time served and the entry of his judgment. His motion for reconsideration is improper.

This case demonstrates why the court summarily denies motions for reconsideration. The process of seeking reconsideration could be transformed into an endless chain of motions, filing a motion to reconsider the denial of the motion to reconsider, *ad infinitum*. As now Chief Judge Loken observed in his opinion in Wilkins v. Hartford Life and Accident Insur. Co., 299 F.3d 945, 948 (8th Cir. 2002): "Such motions (to reconsider) are frequently a futile waste of time for both the parties and the trial court."

This criminal case is closed. Defendant's only avenue for relief would be to challenge the denial of jail-time credit by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which he is confined. Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995), Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993), Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991), United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

Federal prisoners challenging actions of prison officials must exhaust administrative remedies before seeking habeas corpus relief. Kendrick v. Carlson, 995 F.2d at 1447. "If [federal prison] administrative grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court." Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974).

As I set forth previously, defendant is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He may challenge the denial of jail-time credit only by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Mississippi after he has exhausted his administrative remedies.

Based upon the foregoing,

IT IS ORDERED that the motion for reconsideration, Doc. 123, is denied.

Dated this 1st day of May, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                          DEPUTY
          (SEAL)